Order Filed on December 13, 2024
by Clerk
U.S. Bankruptcy Court
District of New Jersey

| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY | |
| **GIBBONS P.C.**<br>Robert K. Malone<br>Brett S. Theisen<br>Christopher P. Anton<br>One Gateway Center<br>Newark, New Jersey 07102<br>(973) 596-4500<br>rmalone@gibbonslaw.com<br>btheisen@gibbonslaw.com<br>canton@gibbonslaw.com | |
| In Re:<br><br>miR SCIENTIFIC, LLC and HUMINN, LLC,<br><br>Debtors. | Chapter 11<br>(Jointly Administered)<br><br>Case No. 24-12769 (CMG)<br><br>Hon. Christine M. Gravelle |
| MiRNA SCIENTIFIC, LLC and HUMINN, LLC,<br><br>Plaintiffs,<br>v.<br><br>TAL KIMMEL, MARTIN TENNISWOOD, SIGMA SIX LTD., VOLODYMYR KRAVETS, NURIT NITZAN, WEI-LIN WINNIE WANG, SAMANTHA ANTHONY, SITI NOR SYAHIRAH BINTI ZAINUDDIN, JAMES M. CRISS, REBECCA DEVAUX, MICHAEL GOLEC, BJORN S. GRANDALL and JORDAN ALLEN GROVER,<br><br>Defendants. | Adv. Pro. No. 24-1193 (CMG) |

**STIPULATED ORDER RESOLVING DEBTORS' APPLICATION FOR
THE ENTRY OF AN ORDER TO SHOW CAUSE FOR TURNOVER OF
PROPERTY AND INJUNCTIVE RELIEF**

The relief set forth on the following pages, numbered two (2) through twelve (12) is hereby

**ORDERED**.

**DATED: December 13, 2024**

Honorable Christine M. Gravelle
United States Bankruptcy Judge

Page (2)
Debtor:        miR Scientific, LLC, et al.
Case No.:      24-12769 (CMG) (Jointly Administered)
Adv. Pro.:     MiRNA Scientific LLC, et al. v. Tal Kimmel, et al.
Adv. Pro. No.: 24-1193 (CMG)
Caption:       **STIPULATED ORDER RESOLVING DEBTORS' APPLICATION FOR THE ENTRY OF AN ORDER TO SHOW CAUSE FOR TURNOVER OF PROPERTY AND INJUNCTIVE RELIEF**

---

THIS MATTER having been presented by way of Verified Complaint (the "Complaint") and an *ex parte* Application for the Entry of an Order to Show Cause for Turnover of Property and Injunctive Relief with Preliminary Restraints (the "Order to Show Cause") filed by miR Scientific LLC ("miR") and Huminn, LLC (" Huminn" and with miR, the "Debtors") in the above-captioned chapter 11 case, seeking entry of an order (i) directing defendants Tal Kimmel ("Kimmel"), Martin Tenniswood ("Tenniswood"), Sigma Six, Ltd. ("Sigma Six"), Volodymyr Kravetz ("Kravetz"), Nurit Nitzan ("Nitzan"), Wei-Lin Winnie Wang ("Wang"), Samantha Anthony ("Anthony"), Siti Nor Syahirah Binti Zainuddin ("Zainuddin"), James M. Criss ("Criss"), Rebecca Devaux ("Devaux"), Michael Golec ("Golec"), Bjorn S. Grandall ("Grandall") and Jordan Allen Grover ("Grover") (collectively, the "Defendants")[1] to turn over to the Debtors' property of the estate in their possession, including but not limited to company computers and assets, intellectual property, proprietary information and data, trade secrets, and company records (collectively, the "Property"); and (ii) enjoining the Defendants from using, disclosing or transferring any of the Debtors' intellectual property, proprietary data and trade secrets, and for related relief; and the Court having entered the *ex parte* Order to Show Cause with temporary restraints on April 24, 2024 ordering Defendants to appear before the Court on April 30, 2024 and show cause as to why

---

[1] Tenniswood, Kimmel, Nitzan, Wang, Criss, Anthony, DeVaux, Grover, Zainuddin, Grandall and Golec are hereinafter collectively referred to as the "Employee Defendants." Tenniswood, Wang, Criss, Anthony, DeVaux, Grover, Zainuddin, Grandall and Golec are hereinafter collectively referred to as the "Scientist Team."

Page (3)
Debtor:       miR Scientific, LLC, et al.
Case No.:     24-12769 (CMG) (Jointly Administered)
Adv. Pro.:    MiRNA Scientific LLC, et al. v. Tal Kimmel, et al.
Adv. Pro. No.: 24-1193 (CMG)
Caption:      **STIPULATED ORDER RESOLVING DEBTORS' APPLICATION FOR THE ENTRY OF AN ORDER TO SHOW CAUSE FOR TURNOVER OF PROPERTY AND INJUNCTIVE RELIEF**

---

an order should not be entered in this action: (a) Determining that the Debtors are entitled to possession of the Property and directing Defendants to turn over the Property to the Debtors within seven (7) days of the entry of an order directing same; and (b) Enjoining and prohibiting the Defendants from using, monetizing, disseminating, transmitting, transferring, or sharing any of the Debtors' intellectual property, proprietary information, or trade secrets; and the Court having considered the Opposition to the Order to Show Cause filed on behalf of the Employee Defendants, Kravets and Sigma Six, by their respective counsel [ECF 8, 9 and 12], which, *inter alia,* contested the Debtors' allegations that injunctive relief was warranted or otherwise appropriate; and the Court having considered the declarations of Kimmel [ECF 10] (the "Kimmel Declaration"), Nitzan [ECF 11] and Tenniswood [ECF 8] in support of opposition to the Order to Show Cause, and the Court having conducted a hearing on April 30, 2024 (the "Hearing") during which the parties agreed that to the extent certain computers held by the Employee Defendants were still in their respective possession the parties would agree to cooperate in ensuring that any computers of the Debtors were turned over to the Debtors; and the parties having further agreed to discuss the entry of an appropriate form of Order addressing other issues regarding the Employee Defendants as set forth below; and the Court further finding that there was neither cause for continuation of the *ex parte* temporary restraints nor cause for the entering of a preliminary injunction for the reasons set forth on the record at the hearing; and the Court having entered the Order, dated July 23, 2024 [ECF 31], substituting MiRNA Scientific, Inc. ("MiRNA" and together with Huminn, the

Page (4)
Debtor: miR Scientific, LLC, et al.
Case No.: 24-12769 (CMG) (Jointly Administered)
Adv. Pro.: MiRNA Scientific LLC, et al. v. Tal Kimmel, et al.
Adv. Pro. No.: 24-1193 (CMG)
Caption: **STIPULATED ORDER RESOLVING DEBTORS' APPLICATION FOR THE ENTRY OF AN ORDER TO SHOW CAUSE FOR TURNOVER OF PROPERTY AND INJUNCTIVE RELIEF**

---

"Plaintiffs") as plaintiff in this adversary proceeding for miR Scientific, LLC; and the parties having indicated their consent to the entry of this Order and to the following terms:

**WHEREAS,**

1. The Defendants are not interfering with the Debtors' sale process.

2. The Employee Defendants were employees of miR prior to the termination of their employment by Mir on January 21, 2024 ("Termination Date").

3. To the extent the Employee Defendants are in possession of a computer (or computers) that is the property of the Debtors, the Defendants have agreed to turnover such property to the Debtors.[2]

4. All computers owned by the Debtors that may have been in the possession of the Employee Defendants have been remotely locked by the Debtors and rendered inaccessible to the Defendants.

5. On August 29, 2024, Tenniswood turned over to the Debtors six computers including three miR computers that had been in his possession, two computers that had been in the possession of Wang and one miR computer that had been in the possession of Grover. Tenniswood is no longer in possession of computers of the Debtors.

6. A miR computer that had been in the possession of Golec was delivered to miR at

---

[2] It is agreed that neither Sigma Six nor Kravetz are in possession of any property of the Debtor subject to turnover.

Page (5)
Debtor:      miR Scientific, LLC, et al.
Case No.:    24-12769 (CMG) (Jointly Administered)
Adv. Pro.:   MiRNA Scientific LLC, et al. v. Tal Kimmel, et al.
Adv. Pro. No.: 24-1193 (CMG)
Caption:     **STIPULATED ORDER RESOLVING DEBTORS' APPLICATION FOR THE ENTRY OF AN ORDER TO SHOW CAUSE FOR TURNOVER OF PROPERTY AND INJUNCTIVE RELIEF**

---

the New Jersey lab facility on January 24, 2024.

7.  Devaux, Grandall, Criss, Anthony and Zainuddin returned their miR computers to Room 215 of the Debtor's Rensselaer Facility on January 22, 2024 and no longer have possession of their miR computers.

8.  Nitzan was in possession of a miR computer that was remotely locked by the Debtors and she has since turned over possession of that computer to her counsel (Nitzan Decl. 11).

9.  Kimmel is not in possession of a miR computer and the Debtors have locked Kimmel's access to his email accounts with the Debtors and he does not have access to any of the Debtors' emails or file folders, but Kimmel has agreed to dispose of (pursuant to the instructions in this order) the files that he copied and downloaded to his personal computer (and any backup or other copies thereof) from the "business development" folder from the miR cloud on January 22, 2024, which he testified was the only file folder he downloaded (Kimmel Decl. 6-7).

10. Each of the Employee Defendants (except Kimmel) entered into an Employment Agreement with miR Scientific, LLC on **various** dates and times. The Employment Agreements all contained an Exhibit A identified as "Employee Inventions, Non-Disclosure and Non-Competition Agreement." ("Non-Disclosure Agreement").

11. The Scientist Team's Non-Disclosure Agreements contained the following definitions:

Page (6)
Debtor:        miR Scientific, LLC, et al.
Case No.:      24-12769 (CMG) (Jointly Administered)
Adv. Pro.:     MiRNA Scientific LLC, et al. v. Tal Kimmel, et al.
Adv. Pro. No.: 24-1193 (CMG)
Caption:       **STIPULATED ORDER RESOLVING DEBTORS' APPLICATION FOR THE ENTRY OF AN ORDER TO SHOW CAUSE FOR TURNOVER OF PROPERTY AND INJUNCTIVE RELIEF**

---

a. "Biological Materials" shall mean all chemical or biological materials of any kind, including, without limitation, any and all reagents, substances, chemical compounds, proteins or derivatives thereof, subcellular constituents, cells or cell lines, tissue samples, organisms and progeny, mutants, derivatives or replications thereof or therefrom.

b. "Company Inventions" shall mean any and all Inventions and Works that are made, conceived, devised, invented, created, developed, written, or otherwise reduced to practice or tangible medium by me, under my direction, or jointly with others during any period that I am employed by the Company, whether or not during normal working hours or on the premises of the Company, (i) that relate directly or indirectly to the present or reasonably anticipated business of the Company, (ii) that arose out of, or were incidental to, my employment by the Company, or (ii) using any Confidential Information, Inventions, Works, equipment, supplies, facilities, information, funds or proprietary rights or other property of the Company.

c. "Confidential Information" shall mean proprietary and confidential information concerning the business, business relationships or financial affairs of the Company, and the scientific and technical research and know-how of the Company, including without limitation Company Inventions, other Inventions or Works owned or controlled by the Company, research and development activities of the Company, product and marketing plans, databases, financial data, personal data, research data, shop practices, technical specifications, product prices, engineering information, customer and supplier information and information disclosed to the Company or to me by third parties of a proprietary or confidential nature or under an obligation of confidence. Confidential Information shall not include information which I can establish by clear and convincing proof (a) is or becomes generally known

Page (7)
Debtor:      miR Scientific, LLC, et al.
Case No.:    24-12769 (CMG) (Jointly Administered)
Adv. Pro.:   MiRNA Scientific LLC, et al. v. Tal Kimmel, et al.
Adv. Pro. No.: 24-1193 (CMG)
Caption:     **STIPULATED ORDER RESOLVING DEBTORS' APPLICATION FOR THE ENTRY OF AN ORDER TO SHOW CAUSE FOR TURNOVER OF PROPERTY AND INJUNCTIVE RELIEF**

---

within the Company's industry through no fault of mine; (b) was known to me at the time it was disclosed as evidenced by my written records at the time of disclosure or (c) is lawfully and in good faith made available to me by a third party who did not derive it from the Company and who imposes no obligation of confidence on me.

12. Nitzan's Employment Agreement contained the above "Confidential Information" definition.

13. Each of the Employee Defendants has or has agreed to affirm that to his/her knowledge such Defendant is not in possession of property (including propriety property) of the Debtors and/or will turnover any such property in his/her possession in accordance with this Order.

14. There is no risk of immediate irreparable harm and the Debtors' request for temporary restraints should be denied.

**IT IS THEREFORE ORDERED** as follows:

1. The temporary restraints set forth in the Order to Show Cause for Turnover of Property and Injunctive Relief with Preliminary Restraints entered on April 24, 2024 are dissolved as of April 30, 2024.

2. The Debtors' request for entry of a preliminary injunction is denied.

Page (8)
Debtor:    miR Scientific, LLC, et al.
Case No.:    24-12769 (CMG) (Jointly Administered)
Adv. Pro.:    MiRNA Scientific LLC, et al. v. Tal Kimmel, et al.
Adv. Pro. No.: 24-1193 (CMG)
Caption:    **STIPULATED ORDER RESOLVING DEBTORS' APPLICATION FOR THE ENTRY OF AN ORDER TO SHOW CAUSE FOR TURNOVER OF PROPERTY AND INJUNCTIVE RELIEF**

---

3.  To the extent not already turned over, Nitzan's counsel shall, within ten (10) business days after the entry of this Order, turn over (or cause to be turned over) the Debtors' laptops in its custody on behalf of Nitzan to counsel for Plaintiffs.

4.  Tenniswood, Wang, Grover, Golec, Nitzan, Criss, Anthony and Zainuddin each shall, within ten (10) business days after the entry of this Order, provide to counsel for Plaintiffs an executed affirmation in substantially the form attached hereto as <u>Exhibit A</u> disclosing all user names and passwords for the laptops that had been in such employee's custody or possession as of the Termination Date and have been or are being turned over to the Debtors' pursuant to this Order and, if such user name(s) or password(s) are unknown and are not ascertainable by them, attesting to their lack of knowledge of, and inability to ascertain, such information.

5.  To the extent still reasonably accessible to such Employee Defendant, any files accessed by the Employee Defendants after the Termination Date, including any logs of those files or copies of those files, whether electronic or print documents, shall be deleted and/or destroyed by no later than ten (10) business days after the entry of this Order.

6.  The Employee Defendants shall provide a list of files which were deleted and destroyed pursuant to Paragraph 5 of this Order to counsel for Plaintiffs within ten (10) business days of the entry of this order or affirm that they do not have access to such files (in which case no list will be required).

7.  Unless publicly disclosed that was not due to unauthorized disclosure by any of the Employee Defendants, the Employee Defendants will not develop or use, or assist others to

Page (9)
Debtor:         miR Scientific, LLC, et al.
Case No.:       24-12769 (CMG) (Jointly Administered)
Adv. Pro.:      MiRNA Scientific LLC, et al. v. Tal Kimmel, et al.
Adv. Pro. No.:  24-1193 (CMG)
Caption:        **STIPULATED ORDER RESOLVING DEBTORS' APPLICATION FOR THE ENTRY OF AN ORDER TO SHOW CAUSE FOR TURNOVER OF PROPERTY AND INJUNCTIVE RELIEF**

---

develop or use assays: (i) based on a single sub-array of a contiguous subset of reaction sites of a larger array, maintaining defined spatial relationships and sharing common control elements; (ii) comprising of, wholly or partially, elements, primers, master mixes, and controls; (ii) uses custom probes, primers and controls arranged into the well locations of the sub-array on a single custom created plate that enable cDNA derived from small non-coding RNA entities to produce amplification data; (iii) that is then processed to produce a value suitable for the assessment of prostate and bladder cancer risk status; and (iv) which is based on any inventions, innovations, improvements, developments, operation, algorithms, data, statistical methodologies and information, processes, structural layout(s), environmental conditions, standardized operating procedures, reactions, equipment settings and conditioning, compositions conceived or reduced to practice by the Defendant Employees and/or other individuals for or on behalf of miR.

8.  The Employee Defendants have no rights to use miR's property including any of miR's Biological Materials, Company Inventions, and Confidential Information of miR (each as defined in the Employee Inventions, Non-Disclosure and Non-Competition Agreement attached to the applicable Employee Defendants' Employment Agreement).

9.  The Employee Defendants have an obligation under his/her respective employment agreement to maintain the confidentiality of any Confidential Information, Company Inventions or Biological Materials owned by miR.

10. The Employee Defendants shall not use miR's Confidential Information and Biological Materials for their own benefit or for the benefit of any other person or entity.

Page (10)
Debtor:       miR Scientific, LLC, et al.
Case No.:     24-12769 (CMG) (Jointly Administered)
Adv. Pro.:    MiRNA Scientific LLC, et al. v. Tal Kimmel, et al.
Adv. Pro. No.: 24-1193 (CMG)
Caption:      **STIPULATED ORDER RESOLVING DEBTORS' APPLICATION FOR THE ENTRY OF AN ORDER TO SHOW CAUSE FOR TURNOVER OF PROPERTY AND INJUNCTIVE RELIEF**

---

11. Unless otherwise deleted or destroyed pursuant to Paragraph 5 of this Order, the Employee Defendants shall return to counsel for Plaintiffs all works containing all Confidential Information, Company Inventions, and Biological Materials in their possession and/or under their control (if any) within ten (10) business days of the entry of this order or affirm that they do not possess any such works.

12. Within ten (10) business days after the entry of this Order, the Employee Defendants (other than Kimmel and Nitzan, who already filed declarations and are not members of the Scientist Team) shall execute and provide to counsel for Plaintiffs an affirmation in substantially the form attached hereto as Exhibit B.

13. If any of miR's Confidential Information, Company Inventions, and Biological Materials was knowingly shared in violation of their Employment Agreements, the Employee Defendants must provide to counsel for Plaintiffs a list of information that was copied and/or shared, a list of the names and addresses of the parties to whom they shared the information with, and the method by which the information was shared including any and all devices and/or data storage services employed for such sharing.

14. Within ten (10) business days after the entry of this Order, Kimmel shall execute and provide to counsel for Plaintiffs an affirmation in the form attached hereto as Exhibit C.

15. Plaintiffs shall dismiss this Adversary Proceeding without prejudice and without costs by any party against Kravets and Sigma Six within five (5) business days of the entry of this Order.

Page (11)
Debtor: miR Scientific, LLC, et al.
Case No.: 24-12769 (CMG) (Jointly Administered)
Adv. Pro.: MiRNA Scientific LLC, et al. v. Tal Kimmel, et al.
Adv. Pro. No.: 24-1193 (CMG)
Caption: **STIPULATED ORDER RESOLVING DEBTORS' APPLICATION FOR THE ENTRY OF AN ORDER TO SHOW CAUSE FOR TURNOVER OF PROPERTY AND INJUNCTIVE RELIEF**

---

16. Plaintiffs shall dismiss this Adversary Proceeding with prejudice and without costs by any party against each Employee Defendant within five (5) business days after such Defendant submits his/her affirmation (*e.g.*, Exhibits A, B and/or C, as applicable) as set forth in this Order.

STIPULATED AND AGREED TO BY:

*/s/Brett S. Theisen, Esq.*
Brett S. Theisen, Esq.
Christopher P. Anton
**Gibbons P.C.**
One Gateway Center
Newark, NJ 07102
973-596-4500
btheisen@gibbonslaw.com
canton@gibbonslaw.com
*Attorneys for Plaintiff MiRNA Scientific LLC*

*/s/Carollynn H.G. Callari, Esq.*
Carollynn H.G. Callari, Esq.
**Raines Feldman Littrell LLP**
1350 Avenue of the Americas
22nd Floor
New York, NY 10019
917-790-7100
ccallari@raineslaw.com
*Attorneys for Defendants Nurit Nitzan and Tal Kimmel*

*/s/ Barry M. Kazan, Esq.*
Barry M. Kazan, Esq.
**Mintz & Gold LLP**
600 Third Avenue
New York, NY 10016
212-696-4848
kazan@mintzandgold.com
*Attorneys for Defendants Bjorn S. Grandall, James M. Criss, Jordan Allen Grover, Martin Tenniswood, Michael Golec, Rebecca DeVaux, Samantha Anthony, Siti Nor Syahira Binti Zainuddin and Wei-Lin Winnie Wang*

*/s/ Stephen V. Falanga, Esq.*
Stephen V. Falanga, Esq.
**Walsh Pizzi O'Reilly Falanga LLP**
Three Gateway Center
100 Mulberry Street
15th Floor
Newark, NJ 07102
973-757-1100
sfalanga@thewalshfirm.com
*Attorneys for Defendants Sigma Six, Ltd. and Volodymyr Kravets*

Page (12)
Debtor: miR Scientific, LLC, et al.
Case No.: 24-12769 (CMG) (Jointly Administered)
Adv. Pro.: MiRNA Scientific LLC, et al. v. Tal Kimmel, et al.
Adv. Pro. No.: 24-1193 (CMG)
Caption: **STIPULATED ORDER RESOLVING DEBTORS' APPLICATION FOR THE ENTRY OF AN ORDER TO SHOW CAUSE FOR TURNOVER OF PROPERTY AND INJUNCTIVE RELIEF**

---

*/s/ Erin Kennedy, Esq.*
Erin Kennedy, Esq.
Forman Holt
365 West Passaic Street
Rochelle Park, NY
201-845-1000
ekennedy@formanlaw.com
*Attorneys for Plaintiff Huminn LLC*

# EXHIBIT A

| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY | |
| In Re:<br><br>miR SCIENTIFIC, LLC and HUMINN, LLC,<br><br>                Debtors. | Chapter 11<br>(Jointly Administered)<br><br>Case No. 24-12769 (CMG)<br><br>Hon. Christine M. Gravelle |
| MiRNA SCIENTIFIC, LLC and HUMINN, LLC,<br><br>                Plaintiffs,<br>    v.<br><br>TAL KIMMEL, MARTIN TENNISWOOD, SIGMA SIX LTD., VOLODYMYR KRAVETS, NURIT NITZAN, WEI-LIN WINNIE WANG, SAMANTHA ANTHONY, SITI NOR SYAHIRAH BINTI ZAINUDDIN, JAMES M. CRISS, REBECCA DEVAUX, MICHAEL GOLEC, BJORN S. GRANDALL and JORDAN ALLEN GROVER,<br><br>                Defendants. | Adv. Pro. No. 24-1193 (CMG) |

**DECLARATION OF** _____

      I, _____, pursuant to Section 1746 of Title 28 of the United States Code, hereby declare as follows:

1

1. I make this Declaration pursuant to the *Stipulated Order Resolving the Debtors' Application for the Entry of an Order to Show Cause for Turnover of Property and Injunctive Relief*, which was consensually entered on _____, 2024 [ECF ___] (the "Order").

2. Prior to January 21, 2024, I was an employee of miR Scientific, LLC ("miR"). On January 21, 2024 (the "Termination Date"), my employment was terminated by miR.

3. As of the Termination Date, I was in possession of a company laptop(s) which were subsequently returned to the Debtor as set forth in the Order, and I have no other company laptop(s) in my possession.

4. The user name and password for each laptop identified in paragraph 2 hereof are:

4. I am unable to provide or ascertain the user name and/or password for the laptop(s) identified in paragraph 2 hereof:

5. The reason I am unable to provide or ascertain the user name(s) and/or password(s) for the laptops identified in the preceding paragraph is:

2

I declare under penalty of perjury that the foregoing is true and correct.

Dated: _____      _____

3

## **EXHIBIT B**

| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY | |
| In Re:<br><br>miR SCIENTIFIC, LLC and HUMINN, LLC,<br><br>     Debtors. | Chapter 11<br>(Jointly Administered)<br><br>Case No. 24-12769 (CMG)<br><br>Hon. Christine M. Gravelle |
| MiRNA SCIENTIFIC, LLC and HUMINN, LLC,<br><br>     Plaintiffs,<br>  v.<br><br>TAL KIMMEL, MARTIN TENNISWOOD, SIGMA SIX LTD., VOLODYMYR KRAVETS, NURIT NITZAN, WEI-LIN WINNIE WANG, SAMANTHA ANTHONY, SITI NOR SYAHIRAH BINTI ZAINUDDIN, JAMES M. CRISS, REBECCA DEVAUX, MICHAEL GOLEC, BJORN S. GRANDALL and JORDAN ALLEN GROVER,<br><br>     Defendants. | Adv. Pro. No. 24-1193 (CMG) |

**DECLARATION OF _____**

  I, _____, pursuant to Section 1746 of Title 28 of the United States Code, hereby declare that the following is true to the best of my knowledge, information and belief:

1

1. I make this Declaration pursuant to the *Stipulated Order Resolving the Debtors' Application for the Entry of an Order to Show Cause for Turnover of Property and Injunctive Relief*, which was consensually entered on _____ , 2024 [ECF. ___] (the "Order").

2. Prior to January 21, 2024, I was an employee of miR Scientific, LLC ("miR") and as part of my employment, I entered into an Employment Agreement ("Employment Agreement").

3. On January 21, 2024 (the "Termination Date"), my employment was terminated by miR.

4. To the best of my knowledge, other than described below or what may have been on miR's computer(s) in my possession as of the Termination Date, and which computer(s) has/have been disabled remotely by the Debtors such that I was no longer able to access it and which computer has been returned to the Debtors prior to the date hereof, after my Termination Date I have not been and I am not in possession (electronically or hard copy) of any Confidential Information, Company Inventions, or Biological Materials or proprietary information of the Debtors, and I have not transferred any such things to anyone other than to the Debtors or my attorneys in connection with the hearing on the TRO Application.

5. Except to the extent set forth in any prior declaration I submitted in this case (or otherwise described below), to the best of my knowledge, I did not copy, email, text, take an image of (i.e. photograph), forward to a non-company email account under my control, or share any of miR's Confidential Information, Company Inventions, and Biological Materials on any other devices, data storage services such as Google Drive, iCloud, Dropbox etc., or with anyone else, including former employees.

2

6. I will not knowingly copy, email, text, take an image of (i.e. photograph), forward to a non-company email account under my control, or share any of miR's Confidential Information, Company Inventions, and Biological Materials on any other devices, data storage services such as Google Drive, iCloud, Dropbox etc., or with anyone else, including former employees.

7. On _____, 2024, I downloaded the following files from the miR server and/or my personal computer (or if applicable, instead state "Since the Termination Date, I did not download any files from the miR server and/or my personal computer."):




8. On _____, I deleted all of the materials I downloaded and any electronic copies (including backup and other copies thereof) or hard copies of the materials that were generated (or if applicable, instead state "To my knowledge I am not in possession (hard copy or electronically) of any property of the Debtors.").

I declare under penalty of perjury that the foregoing is true and correct.


                                                                                   _____

Dated: _____

3

# **EXHIBIT C**

| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY | |
| | |
| In Re:<br><br>miR SCIENTIFIC, LLC and HUMINN, LLC,<br><br>           Debtors. | Chapter 11<br>(Jointly Administered)<br><br>Case No. 24-12769 (CMG)<br><br>Hon. Christine M. Gravelle |
| MiRNA SCIENTIFIC, LLC and HUMINN, LLC,<br><br>           Plaintiffs,<br>    v.<br><br>TAL KIMMEL, MARTIN TENNISWOOD, SIGMA SIX LTD., VOLODYMYR KRAVETS, NURIT NITZAN, WEI-LIN WINNIE WANG, SAMANTHA ANTHONY, SITI NOR SYAHIRAH BINTI ZAINUDDIN, JAMES M. CRISS, REBECCA DEVAUX, MICHAEL GOLEC, BJORN S. GRANDALL and JORDAN ALLEN GROVER,<br><br>           Defendants. | Adv. Pro. No. 24-1193 (CMG) |

**DECLARATION OF TAL KIMMEL**

    I, Tal Kimmel, pursuant to Section 1746 of Title 28 of the United States Code, hereby declare as follows:

1

1.	I make this Declaration pursuant to the *Stipulated Order Resolving the Debtors' Application for the Entry of an Order to Show Cause for Turnover of Property and Injunctive Relief*, which was consensually entered on _____ , 2024 [ECF ___] (the "Order").

2.	Prior to January 21, 2024, I was an employee of miR Scientific, LLC ("miR") in the role of the Head of Business Development. On January 21, 2024 (the "Termination Date"), my employment was terminated by miR.

3.	Prior to the date hereof, I have deleted the folder (and any backup or other files of same, if any) called "business development" (and any files or documents contained therein) which I had downloaded in January, 2024 as set forth in my Declaration filed with the Court on April 29, 2024 [ECF 10] (and to my knowledge was the only folder downloaded) and I only provided a copy of such folder to my counsel in connection with the hearing held before the Court on April 30, 2024.

4.	To the best of my knowledge, I am not in possession (electronically or hard copy) of any property of miR or of the Debtors' "Confidential Information" as defined in the Order or any proprietary information of the Debtors and I understand my obligation to maintain the confidentiality of miR's confidential and proprietary information.

I declare under penalty of perjury that the foregoing is true and correct.


Dated: _____	_____
	Tal Kimmel

2